# EXHIBIT A

# WARRANT IN DEBT (CIVIL CLAIM FOR MONEY)

Commonwealth of Virginia   VA. CODE § 16.1-79

**RECEIVED**
JUN 06 2025
General District Court
HENRICO GENERAL DISTRICT COURT

Henrico
CITY OR COUNTY

4309 E Parham Rd
STREET ADDRESS OF COURT

TO ANY AUTHORIZED OFFICER: You are hereby commanded to summons the Defendant(s).

TO THE DEFENDANT(S): You are summoned to appear before this Court at the above address on

7-25-25 @ 10:30am ............... to answer the Plaintiff(s)' civil claim (see below)
RETURN DATE AND TIME

6-6-25
DATE ISSUED

[ ] CLERK   [√] DEPUTY CLERK   [ ] MAGISTRATE

**CLAIM:** Plaintiff(s) claim that Defendant(s) owe Plaintiff(s) a debt in the sum of

$ 23,750.00 net of any credits, with interest at ............ % from date of ............ until paid,

$ 79.04 costs and $ ............ attorney's fees with the basis of this claim being

[ ] Open Account [ ] Contract [ ] Note [X] Other (EXPLAIN)
Violations of the FCRA 15 USC 1681 et seq.

HOMESTEAD EXEMPTION WAIVED? [ ] YES [ ] NO [ ] cannot be demanded

6/10/2025
DATE

[X] PLAINTIFF [ ] PLAINTIFF'S ATTORNEY [ ] PLAINTIFF'S EMPLOYEE/AGENT

## CASE DISPOSITION

JUDGMENT against [ ] named Defendant(s) [ ] ............

for $ ............ net of any credits, with interest at ............ % from date

of ............ until paid, $ ............ costs and $ ............ attorney's fees

[ ] and $ ............ costs for Servicemember Civil Relief Act counsel fees

HOMESTEAD EXEMPTION WAIVED? [ ] YES [ ] NO [ ] CAN NOT BE DEMANDED

[ ] JUDGMENT FOR [ ] NAMED DEFENDANT(S) [ ] ............

[ ] NON-SUIT [ ] DISMISSED ............

Defendant(s) Present: [ ] NO [ ] YES ............

............
DATE

............
JUDGE

FORM DC-412 (FRONT) 10/22

---

CASE NO. GV25013200-00

Johnson, Deangelo, C
PLAINTIFF(S) (LAST NAME, FIRST NAME, MIDDLE INITIAL)

123 Emberwood ct
ADDRESS

Richmond, Virginia 23223

(804)306-3605, dejinfinity@icloud

v.

(1) Exeter Finance LLC, (2) Transunion LLC
DEFENDANT(S) (LAST NAME, FIRST NAME, MIDDLE INITIAL)

RA: Corporation Service Company
ADDRESS

100 Shockoe Slip Fl 2

Richmond, VA 23219-4100

## WARRANT IN DEBT

**TO DEFENDANT:** You are not required to appear;
however, if you fail to appear, judgment may be entered
against you. See the additional notice on the reverse
about requesting a change of trial location.

[ ] To dispute this claim, you **must** appear on the return
date to try this case.

[ ] To dispute this claim, you must appear on the return
date for the judge to set another date for trial.

Bill of Particulars ............ ............
ORDERED   DUE

Grounds of Defense ............ ............
ORDERED   DUE

ATTORNEY FOR PLAINTIFF(S)

............

............

ATTORNEY FOR DEFENDANT(S)

............

---

**HEARING DATE AND TIME**

7.25.25
10:30am

JUDGMENT PAID OR
SATISFIED PURSUANT
TO ATTACHED NOTICE
OF SATISFACTION.

............
DATE

............
CLERK

**DISABILITY ACCOMMODATIONS**
for loss of hearing,
vision, mobility, etc.,
contact the court ahead
of time.

**RETURNS: Each defendant was served according to law, as indicated below, unless not found.**

| | | |
|---|---|---|
| NAME Exeter Finance LLC | NAME Transunion LLC | NAME ............................ |
| RA: Corporation Service Company | RA: Corporation Service Company | |
| ADDRESS 100 Shockoe Slip Fl 2 | ADDRESS 100 Shockoe Slip Fl 2 | ADDRESS ........................ |
| Richmond, VA 23219-400 | Richmond, VA 23219-4100 | |
| [ ] PERSONAL SERVICE  Tel. No. ........ | [ ] PERSONAL SERVICE  Tel. No. ........ | [ ] PERSONAL SERVICE  Tel. No. ........ |
| Being unable to make personal service, a copy was delivered in the following manner: | Being unable to make personal service, a copy was delivered in the following manner: | Being unable to make personal service, a copy was delivered in the following manner: |
| [ ] Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport.  List name, age of recipient, and relation of recipient to party named above. | [ ] Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport.  List name, age of recipient, and relation of recipient to party named above. | [ ] Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport.  List name, age of recipient, and relation of recipient to party named above. |
| [ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode, address listed above. (Other authorized recipient not found.) | [ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode, address listed above. (Other authorized recipient not found.) | [ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode, address listed above. (Other authorized recipient not found.) |
| [ ] Served on Secretary of the Commonwealth | [ ] Served on Secretary of the Commonwealth | [ ] Served on Secretary of the Commonwealth |
| [ ] NOT FOUND  SERVING OFFICER | [ ] NOT FOUND  SERVING OFFICER | [ ] NOT FOUND  SERVING OFFICER |
| ............ DATE  for _____ | ............ DATE  for _____ | ............ DATE  for _____ |

**OBJECTION TO VENUE:**

To the Defendant(s): If you believe that Plaintiff(s) should have filed this suit in a different city or county, you may file a written request to have the case moved for trial to the general district court of that city or county. To do so, you must do the following:

1. Prepare a written request which contains (a) this court's name, (b) the case number and the "return date" as shown on the other side of this form in the right corner, (c) Plaintiff(s)' name(s) and Defendant(s)' name(s), (d) the phrase "I move to object to venue of this case in this court because" and state the reasons for your objection and also state in which city or county the case should be tried, and (e) your signature and mailing address.

2. File the written request in the clerk's office before the trial date (use the mail at your own risk) or give it to the judge when your case is called on the return date. Also send or deliver a copy to plaintiff.

3. If you mail this request to the court, you will be notified of the judge's decision.

I certify that I mailed a copy of this document to the defendants named therein at the address shown therein on

............................
DATE

[ ] Plaintiff
[ ] Plaintiff's Atty.
[ ] Plaintiff's Agent

Fi. Fa. issued on ........................................

Interrogatories issued on: ...............................

Garnishment issued on ...................................

FORM DC-412 REVERSE 07/04

**HENRICO COUNTY**
**GENERAL DISTRICT COURT**

| | | |
|---|---|---|
| **DEANGELO JOHNSON** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **V.** | § | **COMPLAINT** |
| | § | |
| **EXETER FINANCE LLC,** | § | |
| **TRANSUNION, LLC,** | § | |
| **DEFENDANTS,** | § | |

## COMPLAINT

COMES NOW, the Plaintiff, and brings this Complaint against the Defendants as follows:

## I.    INTRODUCTION

1.  This action arises out of Defendants, EXETER FINANCE LLC (Exeter Finance) and

    TRANSUNION, LLC (Transunion), violations of the Fair Credit Reporting Act, 15 USC §

    1681 (the FCRA), which prohibits furnishers of information to CRAs, from reporting

    information solely as to transactions or experiences between consumer and person making

    report, failing to maintain reasonable procedures to ensure information listed in consumer

    reports are accurate as possible,  failing to report with maximum accuracy and completeness

    as required, failing to conduct a reasonable investigation to verify and determine whether

    disputed information in a consumer's file is inaccurate or incomplete, reporting information

    with actual knowledge of errors after notice and confirmation of those errors, and failing to

    promptly delete all information which cannot be verified as complete and accurate.

2.  15 USC § 1681n and § 1681o, grants a private right of action for consumers to bring against
    violators of any provision of the FCRA with regard to their credit. It applies to any person
    who "willfully or negligently fail to perform their duties upon notice of a dispute" and the
    private right of action is for "consumers to enforce the investigation and reporting duties
    imposed on furnishers of information." - *DiMezza v. First USA Bank, Inc.*. Defendant has
    willfully and negligently failed to perform their duties by not complying with the FCRA as
    described herein.

## II.    JURISDICTION

3.  This court has Concurrent Jurisdiction of this matter pursuant to the Code of Virginia. Venue
    in this District is proper in that the Plaintiff resides here, the Defendants transact business
    here, and the conduct complained of occurred here.

4.  This is an action for damages which do not exceed $25,000.00.

## III. PARTIES

5.  Plaintiff Deangelo Johnson, (hereinafter "Plaintiff") is a natural person residing in Henrico
    County, Virginia.

6.  At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15
    USC § 1681a(c).

7.  Defendant Exeter Finance LLC is a person who furnishers information to consumer
    reporting agencies under 15 USC § 1681s-2 and may be served with process upon

CORPORATION SERVICE COMPANY, the registered agent, at 100 Shockoe Slip Fl 2,

Richmond, VA 23223.

8.  Defendant Transunion, LLC is "consumer reporting agency" ("CRA") as defined by FCRA

    section 1681a(f) and may be served with process upon CORPORATION SERVICE

    COMPANY, the registered agent, at 100 Shockoe Slip Fl 2, Richmond, VA 23223.


### III. FACTS

9.  Plaintiff incorporates by reference all of the above paragraphs of this complaint as fully

    stated herein with the same force and effect as if the same were set forth at length herein.

10. Early in March of 2023, plaintiff was prompted to review his consumer report from

    Transunion. Upon review, he discovered more than several inaccuracies and incomplete

    fields of data on multiple accounts, including his Exeter Finance account.

11. Therefore, on March 30, 2023, Plaintiff sent a written request to Transunion (and other

    CRA's who reported the account) by certified mail, to conduct an investigation regarding the

    completeness and accuracy of the information, and if it could not be verified as accurate,

    promptly delete or block the information from the report.

12. Upon information and belief, Transunion promptly notified Defendant Exeter Finance LLC

    as required under 15 USC § 1681s-2(b).

13. Within the time allotted by law, Plaintiff received reinvestigation results from Transunion

    that expressed that a large majority of the disputed information had been verified with

    Exeter Finance LLC. However, Plaintiff was not provided with evidence of their

    investigation and specific verification of the account.

14. For added context, it was at this time that Equifax appropriately blocked this account from reporting because of the inconsistencies and inability to verify the disputed information pertaining to the Exeter Finance account.

15. Consequently, Plaintiff then sent a second "dispute" on approximately May 10, that included a request for another reinvestigation of the inaccurate information, proof of Identification, a request for the complete consumer file disclosure, and a request for and explanation of the method of verification. It was sent Certified Mail, return receipt requested, and was received by Transunion on May 27.

16. Upon information and belief , Transunion notified Defendant Exeter Finance LLC as required under 15 USC § 1681s-2(b).

17. Details of this reinvestigation were not provided to Plaintiff by Transunion nor by Defendant Exeter Finance LLC.

18. On approximately  June 22, Plaintiff sent a third dispute to Transunion; It included all of the previous documentation, A CFPB complaint detailing the entire ordeal up to that point, and actual copies of the credit reports in question with highlights and markings displaying and describing the errors present so that they might be corrected.

19. Upon information and belief, Transunion immediately notified Defendant Exeter Finance LLC.

20. On June 7, Transunion responded verifying the disputed information

21. Defendant Exeter Finance LLC did not directly respond.

22. Since the receipt of the June 7 reinvestigation results, the discrepancies within still remain up until the date of this filing and have had a direct impact on Plaintiff's financial wellbeing and quality of life.

23. One instance in particular occurred when Plaintiff attempted to acquire a vehicle from a local used auto dealership. The most reasonable vehicle was offered at approximately $10,000, with a down payment of only $1,000 which was an affordable price. However, after a credit check Plaintiff was informed that the negative information furnished by Exeter Finance LLC, specifically the "past due" balance, had caused the lender to increase the



required down payment to over $5,000, an amount that was not affordable for him. Ultimately, Plaintiff was not able to obtain a vehicle due to the increased financial cost upfront based on the credit information.

24. Another local dealership, Commonwealth Motors, LLC, declined to offer financing altogether after a credit check because of the past due account status reported by Exeter LLC.

25. In an unexpected turn of events, Plaintiff was recently denied access to a rental car after a credit pull, even though he intended to pay by debit card, by Budget Car Rentals due to the negative information reported by Defendants. This was greatly inconvenient and anguish-inducing for Plaintiff and displays how Defendant's actions damage the Plaintiff even in situations where he is not intentionally seeking an extension of credit per se.

26. The inaccurate reporting of this account has also caused a multitude of credit denials over a course of months for Plaintiff, including certain buy now pay later providers such as Affirm and loan providers such as BMG Money and Lending Tree.

27. The failure of Exeter Finance LLC and Transunion LLC to furnish information properly, accurately, and completely has caused Plaintiff concrete harm, including emotional distress, mental anguish, and embarrassment, reputational damages, wasted time and energy from years of attempting to have Defendant correct the reported information, directly preventing him from gaining access to credit, denied loan applications, increased interest rates, and grossly inflated down payments and fees etc.

# IV. CAUSES OF ACTION

28. All above paragraphs are re-alleged as though fully set herein.

## *VIOLATIONS OF 15 USC §1681i, WILLFUL*

## *AND NEGLIGENT NON-COMPLIANCE (TRANSUNION, LLC)*

29. Plaintiff is a consumer within the meaning of the FCRA (15 USC § 1681a(c)

30. Defendant Transunion is a consumer reporting agency as defined under 15 USC §1681a(f).

31. The plain, unambiguous languages of the FCRA requires a reasonable investigation of "the completeness or accuracy of any item of information contained in a consumer's file" that is disputed by that consumer.

32. Upon information and belief Transunion was notified of Plaintiff's disputes and in more than one instance either verified the disputed information or did not provide any response at all.

33. Had Transunion done a proper investigation or taken the time to evaluate or consider any of the information, claims or evidence provided by the Plaintiff it would have revealed numerous inconsistencies and inaccuracies including the following:

   • *The Fingerhut/Webbank  account shows inaccurate last payment dates, incomplete Payment History data, and the account was not marked as disputed after a dispute*

   • *The Opensky account shows a date of last payment that is inconsistent across the three credit reporting agencies, the account was not marked as disputed after receiving multiple disputes, conflict with the payment history data*

> • *The First Progress Card account has a date of last payment that is inconsistent across the consumer reporting agencies, conflicting account closing dates, and incomplete payment history data*

34. After discovering the above listed discrepancies through a reasonable investigation, the appropriate next steps would be to update, modify, or delete that information. Since there is information present that **cannot** be verified Defendant is legally required to permanently block this information from being reported.

35. Had Defendant blocked the reporting of this inaccurate account, Plaintiff would not have been denied financing for a used vehicle, he would not have been required to pay over fifty percent of the value of a used vehicle just for a down payment, he would not have been denied for various loan and credit services from providers such as BMG Money, Affirm, and Afterpay, and he would not have been denied access to rental vehicles on the shortest of possible notices, which thereby ruined plans for his child's birthday.

36. Defendant could not have conducted a reasonable investigation since it failed, on multiple occasions, to delete or correct the disputed tradeline within 30 days of receiving Plaintiff's dispute letter, thus failing to satisfy its duties under the FCRA

37. Upon information and belief, Defendant is aware of its duty to assure reports contain information that is maximally complete and accurate under the FCRA.

38. Transunion as a matter of policy and standard practice, fails to comply with these legal requirements to which it is subject.

39. Upon information and belief , Transunion fails to reinvestigate inquiry disputes for at least two reasons, both tied to its bottom line.

40. The first reason Transunion routinely refuses to conduct reasonable reinvestigations is because it realizes substantial savings by doing so. To satisfy its duties adequately under the FCRA would require Transunion to expend additional financial and human resources.

41. Second, by not investigating disputes regarding inquiries on consumer reports, Transunion can gain a pecuniary benefit from consumers fears, by offering them their proprietary identity theft prevention product, "TrueIdentity."

42. Transunions conduct is a result of its standard policies and procedures adopted in reckless disregard of consumers rights under the FCRA.

## *VIOLATIONS OF 15 USC §1681e(a) and (b), WILLFUL AND NEGLIGENT NON-COMPLIANCE (TRANSUNION, LLC)*

43. Plaintiff is a consumer within the meaning of the FCRA (15 USC § 1681a(c)

44. Defendant Transunion is a consumer reporting agency as defined under 15 USC §1681a(f).

45. A consumer reporting agency is required to maintain reasonable procedures to limit the furnishing of consumer reports to only persons who have a "permissible purpose" and also to assure "maximum possible accuracy" of the information concerning the individual about whom the report relates pursuant to 15 USC §1681e et seq,

46. Transunion, at all time relevant to this action, was aware of its duties and obligations under the FCRA.

47. On many occasions, Transunion furnished plaintiff's consumer report to users and third parties, with actual knowledge of errors and incomplete fields of data contained therein.

**TRANSUNION CONSUMER INTE**

| Location | Requested On | Phone |
|---|---|---|
| 760 MARKET STREET 10TH FLOOR<br>SAN FRANCISCO, CA 94102 | 04/21/2024 | (844) 580-6816 |

**T-MOBILE**

| Location | Requested On | Phone |
|---|---|---|
| 12920 SE 38TH ST<br>BELLEVIEW, WA 98006 | 04/13/2024 | (800) 937-8997 |

**TRANSUNION CONSUMER INTE**

| Location | Requested On | Phone |
|---|---|---|
| 100 CROSS STREET<br>SAN LUIS OBISP, CA 93401 | 04/13/2024 | (805) 782-8282 |

**CAPITAL ONE**

| Location | Requested On | Phone |
|---|---|---|
| P O Box 31293<br>Salt Lake City, UT 84131 | 04/11/2024 | (800) 955-7070 |

**DISCOVER CARD**

| Location | Requested On | Phone |
|---|---|---|
| 2500 LAKE COOK ROAD<br>RIVERWOODS, IL 60015 | 04/05/2024 | (800) 347-2683 |

**US BANK**

| Location | Requested On | Phone |
|---|---|---|
| PO BOX 108<br>SAINT LOUIS, MO 63166 | 03/27/2024 | (800) 285-8585 |

**DISCOVER FINANCIAL SERVICES LLC**

| Location | Requested On | Phone |
|---|---|---|
| 2500 LAKE COOK ROAD<br>RIVERWOODS, IL 60015 | 03/06/2024 | (800) 347-2683 |

**FIRST SAVINGS CREDIT CAR**

| Location | Requested On | Phone |
|---|---|---|
| 3820 N LOUISE AVE<br>SIOUX FALLS, SD 57107 | 09/07/2023 | (800) 987-5521 |

**TRANSUNION INTERACTIVE**

48. Under the FCRA, a permissible purpose exists when a user possesses one of the following:

    A. A court order.

    B. "In accordance with the written instructions of the consumer to whom it relates.

    C. To a person who- "intends to use the information in connection with a credit transaction involving the consumer", "intends to use the information for employment purposes",  insurance purposes, eligibility of a license or other governmental benefit, assessment of credit risks, or a legitimate business need for the information.

49. Defendant Transunion also violated §1681e(a) when, it failed to identify multiple debt collectors and certify the uses of Plaintiff's consumer report prior to furnishing the report to them.

| | | |
|---|---|---|
| EDINA, MN 55439 | | |
| **NATIONAL ENTERPRISE SYS** | | |
| Location<br>2912S SOLON ROAD<br>SOLON, OH 44139 | Requested On<br>02/03/2023 | Phone<br>(800) 973-0600 |
| **VELOCITY PORTFOLIO GROUP** | | |
| Location<br>1800 ROUTE 34N<br>SUITE 404A<br>WALL, NJ 07719 | Requested On<br>01/31/2023, 09/16/2022 | Phone<br>(732) 556-9090 |
| **MERRICK BANK** | | |
| Location<br>PO BOX 9201<br>OLD BETHPAGE, NY 11804 | Requested On<br>12/27/2022 | Phone<br>(800) 204-5936 |
| **TURO INC.** | | |
| Location<br>667 MISSION STREET<br>4TH FLOOR<br>SAN FRANCISCO, CA 94105 | Requested On<br>12/22/2022 | Phone<br>(866) 735-2901 |
| **FISERVCHECKFREE CORP** | | |
| Location<br>4000 PERIMETER DR<br>DUBLIN, OH 43017 | Requested On<br>12/21/2022, 12/16/2022 | Phone<br>(877) 347-8346 |
| **MIDLAND CREDIT MANAGEMENT** | | |
| Location<br>320 EAST BIG BEAVER<br>SUITE 300<br>TROY, MI 48083 | Requested On<br>12/01/2022 | Phone<br>(877) 822-0381 |
| **RELIANT CAPITAL SOLUTIONS** | | |
| Location<br>750 CROSS POINTE RD<br>SUITE G<br>GAHANNA, OH 43230 | Requested On<br>08/08/2022 | Phone<br>(614) 452-6100 |

50. National Enterprise Sys, Velocity Portfolio Group, and Reliant Capital Solutions all accessed Plaintiff's Transunion credit report, sometimes on multiple occasions. Plaintiff has since obtained favorable outcomes from litigation with each of these individual companies for violations of the permissible purpose statute.

### *VIOLATIONS OF 15 USC §1681s-2, WILLFUL AND NEGLIGENT NON-COMPLIANCE (EXETER FINANCE LLC)*

51. Plaintiff is a consumer within the meaning of the FCRA (15 USC § 1681a(c).

52. Defendant Exeter Finance is a furnisher within the meaning of 15 USC §1681s-2.

53. It is a prohibited act for a Furnisher to report any information that it has reasonable cause to believe that the information is inaccurate under the FCRA. It is also a prohibited act to report information that a furnisher has been notified by a consumer is inaccurate

54. Upon notice from a consumer a Furnisher is required to conduct an investigation with respect to the disputed information and either correct that information, or have it removed from the report.

55. Upon information and belief Exeter Finance LLC was, in fact, notified by Transunion of Plaintiff's disputes and in more than one instance either verified the disputed information or did not provide any response at all.

56. Had Defendants done a proper investigation or taken the time to evaluate or consider any of the information, claims or evidence provided by the Plaintiff it would have revealed the following:

- *The Account Number is incorrectly listed as "█████XXXXXXXXXX". The correct Account Number is █████*

- *The Balance is reporting as $22,240 **(past due)**. This amount is inconsistent and inaccurate because the status states that $21,354 was the balance when the account was written off and closed. It is not possible for the balance to continue to grow after the account has been closed and it would also be erroneous to state that one could be late paying those amounts or that it could be "past due".*

- *The Payment History grid lists a **"ND"** notation for "**No data for this period**" in May of 2023. This is, by definition, an incomplete data field that has persisted through each dispute, and though the account has repeatedly been verified as complete and accurate, this incompletion has never been updated or removed as required by the FCRA.*

- *The purpose of the "High Credit" category on a credit report is to show the highest balance historically carried on an account. Exeter Finance LLC is reporting a High Credit amount of $21,900.00, while simultaneously reporting a contradicting current and past due balance of $22,240.00. A reasonable investigation would have spotted and corrected this obvious discrepancy immediately.*

- *A $1,693 Payment is reported as having been made on September 11, 2023. This information is false and appears to be a deliberate attempt to re-age the account or,*

*alternatively, hurt Plaintiff's credit score and reputation by making the account appear more current than it actually is. Plaintiff never attempted to make any payments on the account after it was closed, nor would the Defendant accept any payments because of that account status.*

- *Even if the $1,693.00 payment were legitimate (it is not) a payment of that amount, credited against the reported previous balance of $23,208, would reflect a balance of $21,515 and not the $22,240 figure that is reporting currently.*

- *There is no Date of First Delinquency present on the report*

- *Defendant is reporting conflicting information between the CRAs for "Date Last Active": 07/31/2023 is being reported for Transunion and 08/01/2022 for Experian. The same account should not display different information for different CRAs after multiple disputes.*

| Past Due: | $22,240.00 | $22,240.00 |
|---|---|---|
| Payment Status: | Collection/Chargeoff | Collection/Chargeoff |
| Last Reported: | 02/28/2025 | 02/28/2025 |
| Comments: | Charged off as bad debt Dispute resolved; customer disagree | Subscriber reports dispute resolved - consumer disagrees. Unpaid balance reported as a loss by the credit grantor. |
| Date Last Active: | 07/31/2023 | 08/01/2022 |
| Date of Last Payment: | 09/11/2023 | 09/11/2023 |

57. After discovering the above listed discrepancies through a reasonable investigation, the appropriate next steps would be to update, modify, or delete that information. Since there is information present that **cannot** be verified (*because its is patently inaccurate - e.g. the $1,693.00 Payment*) Defendant is legally required to permanently block this information from being reported.

14 of 26

58. Had Defendant blocked the reporting of this inaccurate account, Plaintiff would not have been denied financing for a used vehicle, he would not have been required to pay over fifty percent of the value of a used vehicle just for a down payment, he would not have been denied for various loan and credit services from providers such as BMG Money, Affirm, and Afterpay, and he would not have been denied access to rental vehicles on the shortest of possible notices, which thereby ruined plans for his child's birthday.

59. Defendant could not have conducted a reasonable investigation since it failed, on multiple occasions, to delete or correct the disputed tradeline within 30 days of receiving Plaintiff's dispute letter, thus failing to satisfy its duties under the FCRA.

60. Upon information and belief, Defendant is aware of its duty to assure reports contain information that is maximally complete and accurate under the FCRA.

61. Defendant was notified by Transunion of the requirement to meet its obligations under the FCRA.

62. It is undisputed that Defendants were notified by Transunion on multiple occasions of their failure to maintain maximum possible accuracy when gathering and disseminating Plaintiff's information.

63. Defendant was directly notified by Transunion of the multiple disputes from the consumer.

64. Defendant was made aware of the inaccuracies, inconsistencies, and incomplete information present on Plaintiff's report, but made no attempts to update, correct, or remove that information.

65. Defendants' conduct was "reckless" in that the action of leaving incomplete and inaccurate information of Plaintiff's consumer report would entail "an unjustifiably high risk of harm that is either known or so obvious that it should be known"

66. Defendant has thus willingly failed to comply with the requirements under the FCRA.

67. Defendant has also negligently failed to comply with the requirements of the FCRA.

68. Plaintiff has directly been damaged by Defendants' actions.


## V. DAMAGES

69. All above paragraphs are re-alleged as though fully set herein.

70. Plaintiff is a consumer within the meaning of the FCRA, 15 USC § 1681a(c)

71. Defendant Exeter Finance is a furnisher within the meaning of 15 USC §1681s-2.

72. Pursuant to the FCRA, all persons who furnished information to reporting agencies must participate in reinvestigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

73. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

74. A reasonable investigation would require a furnisher such as Defendant Exeter Finance LLC to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

75. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

76. Defendant Exeter Finance LLC was aware of its duties and requirements under the FCRA.

77. Upon information and belief, Defendant Exeter Finance LLC was notified by Transunion on at least three (3) occasions that plaintiff disputed specific items on his Consumer report. The Defendant, Exeter Finance LLC, violated 15 U.S.C. § 1681s-2 by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information regarding the same and failing to correctly report results of an accurate investigation to the credit reporting agencies.

78. Inaccurate information, furnished by Exeter Finance, LLC, directly prevented Plaintiff from obtaining much needed transportation from various car dealerships. Because of the "past due" status and the high balance present on the report, it would appear to a reasonable viewer that an open auto loan already exists (and is not current) and for that reason an application for the vehicle financing was denied. Another dealer agreed to financing, but only if Plaintiff agreed to pay a $5,000 downpayment instead of the initially advertised, approximately $1,000 downpayment plus an increased interest rate because of the "past due" status; Indeed, for a $10,000 vehicle, fifty percent down and over twenty percent interest are very unfavorable terms.

79. Because of this denial, Plaintiff has been forced to improvise in daily life by depending on others to help provide transportation when available, using expensive ride-share apps such

as Lyft, Uber, etc., public transportation, and even walking or biking to certain destinations. These are extremely burdensome and inconvenient circumstances that has caused severe mental and financial stress. The commute to his work is particularly difficult because due to the late hours and the distance (19 miles), he is subjected to increased "surge" pricing on the ride-share apps which is unavoidable because there is usually no other alternative for transportation at that time of night.

80. Had the Exeter account been removed or been updated to a status other than "past due" Plaintiff would be able to obtain financing for a vehicle and would not have to endure the unnecessary, financially damaging, obstacles in every day life that take a toll on his mental health.

81. Plaintiff was also denied access to a rental vehicle as a result of the inaccurate "past due" account notation on his consumer report.

82. A week before his son's birthday, Plaintiff reserved a rental car online with plans to take him and friends out to dinner. To book the vehicle, Plaintiff only had to enter his debit card information, and then go pick it up on the designated date.

83. When Plaintiff went to pick up the vehicle, he was notified that it could only be reserved with a credit card. In order to use a debit card, an additional deposit was required and also a credit check.

84. Plaintiff agreed and, after the credit pull, was informed that he would not be allowed to rent from any local car rental businesses because there was a past due balance on an auto loan being reported by Exeter Finance, LLC and they do not rent to customers with such circumstances.

85. Because this was an unexpected and unavoidable event, Plaintiff could not make any feasible arrangements to remedy the situation at such a short notice, and thus, a child's birthday was ruined by circumstances out of anybody's (but Defendant Exeter Finance, LLC) control. This denial led to personal embarrassment and disappointment for Plaintiff because even though he was not applying for credit, he was not allowed to provide a meaningful experience for his family based on inaccurate credit reporting. It led to feelings of depression and worthlessness for Plaintiff and sadness and heartache for Plaintiff's child; He had been looking forward to an exciting an eventful birthday celebration and, at the last moment, was denied the experience he had been expecting. This incident has directly contributed to a strained relationship between the two which has persisted to this present day.

86. The humiliation of wasting time reserving the car beforehand and waiting over an hour in line just to be being denied right before acquiring the rental was compounded when Plaintiff also incurred additional financial expenses due to now having to order a return ride home from the car rental business.

87. A loan application through an affiliate of Plaintiff's employer, BMG Money, geared towards helping employees acquire reliable transportation, was denied based solely on credit information provided by Defendants Exeter Finance, LLC and Transunion, LLC.

88. Similar denials for credit took place based on inaccurate information provided by Defendants when Plaintiff applied to Afterpay and Affirm.

89. As a result of the conduct, action and inaction of the Defendant Exeter Finance LLC and Transunion, LLC, the Plaintiff suffered damage for the loss of credit, loss of the ability to

purchase and benefit from credit, lost wages from partially and fully missed shifts at work, the costs of arranging alternative transportation, the deprivation of being able to meet other important needs, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

90. The decision to not conduct a reasonable investigation and to leave incomplete and inaccurate information on Plaintiff's consumer report entailed "an unjustifiably high risk of harm that is either known or should be known." The reporting of a payment on the account that Plaintiff did not make was an intentional act by Defendant Exeter Finance, LLC to purposely re-age the account and have the date of last activity show a date that is more recent than is accurate, thereby damaging Plaintiff's creditworthiness, credit score and reputation. The failure to correct inaccuracies over time and multiple disputes has also been found to be "reckless" within the means of the FCRA. *See Daugherty v. OCKWEN LOAN SERVICING, LLC, Court of Appeals, 4th Circuit 2017- "Ockwen's repeated failure to correct errors over a 17-month period also would support a conclusion that Ockwen acted recklessly."*

91. The conduct, action and inaction of Defendant Exeter Finance LLC was willful; In the CFPB's supervisory highlights, it was found that auto loan furnishers routinely report inaccurate and incomplete information even after obtaining knowledge that the information is inaccurate or incomplete. *See **Supervisory Highlights, Issue 35** "examiners found that furnishers continued to furnish inaccurate amounts past due and balance information relating to certain consumers' charged-off accounts for over a year and a half after identifying the furnished inaccuracies through internal audits.",* and ***Supervisory***

***Highlights, Issue 32*** *"Examiners also found that auto loan furnishers reported inaccurate dates of first delinquency for accounts by reporting the dates of first delinquency as more recent than they should have been, including by changing the dates of first delinquency for accounts that remained delinquent month after month (i.e., accounts for which the dates of first delinquency should not have been changed)."* Each year, for multiple seasonal examinations in that year, auto loan furnishers such as Exeter Finance, LLC, are found to be reporting information improperly and failing to conduct reasonable investigations as required.

92. Because auto loan furnishers have regular compliance examinations conducted by the CFPB, where they have been repeatedly notified within the last five years of their failure to meet the legal standards of the FCRA, it is clear that these companies deliberately run the risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

93. A furnisher having knowledge that it's actions are noncompliant with the FCRA constitutes a willful violation. *See **Safeco, 551 U.S.** at 57; see also **Cushman v. Trans Union Corp., 115 F.3d 220, 227** (3d Cir. 1997) (acknowledging that an investigative policy could constitute a willful FCRA violation if adopted either "knowing that policy to be in contravention of the rights possessed by consumers pursuant to ... FCRA or in reckless disregard of whether the policy contravened those rights"). (See **Appellant"s Opening Br.** at 26 (noting that "recklessness is not the only way for a plaintiff to prove an [sic] FCRA violation was willful" and that "knowing noncompliance may also constitute a willful FCRA violation").)*

94. Furnishers such as Exeter Finance, LLC know, intimately, the effect that a failure to conduct a proper investigation has on the average consumer. Because a regulatory agency, such as the CFPB, formally notifies auto furnishers of their deficiencies on a consistent basis, it cannot be said that their reading and understanding of the statute is merely erroneous; These actions are done with intentional malice and reckless ill-will for pecuniary gain.

95. Defendant was notified of Plaintiff's disputes and was well aware of the effect that re-aging the account would have, rendering Defendant Exeter Finance LLC liable for actual, statutory and punitive damages in an amount to be determined by a court pursuant to 15 U.S.C. § 1681n.

96. Defendant Exeter Finance, LLC was negligently noncompliant with respect to its duty to conduct a reasonable investigation and to correct any inaccurate or incomplete information or to block the reporting of that information, rendering Defendant liable for actual or statutory damages pursuant to 15 U.S.C. § 1681o..

97. Consumer Reporting Agencies, such as Transunion, have been subjected to multiple class action lawsuits and regulatory agency enforcement actions for failing to maintain reasonable procedures to assure maximum possible accuracy and conducting reasonable reinvestigations after receiving disputes from consumers.

98. Because of this, the decision to intentionally not correct certain incomplete or inaccurate data after multiple disputes, it is clear that Transunion deliberately ran the risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

99. Therefore, Defendant Transunion was willfully and negligently noncompliant with respect to its duty to conduct a reasonable investigation,  to correct any inaccurate or incomplete

information or to block the reporting of that information, and for failing to assure that reports furnished to third parties contained maximally accurate information and that users who accessed Plaintiff's consumer report possessed a permissible purpose for doing so, rendering Defendant liable for actual and statutory damages.

100. WHEREFORE, Plaintiff, Deangelo Johnson, an individual demands judgement in his favor against Defendants for damages and costs of bringing suit.

## VI. RELIEF SOUGHT

101. Plaintiff demands the court immediately order Defendant to permanently remove all reference to the account from Plaintiff's consumer credit file.

## VII. PRAYER FOR DAMAGES

102. WHEREFORE, Plaintiff prays that this Court enter a judgment for Plaintiff, pursuant to the FCRA as follows:

103. A monetary penalty of $1,000.00 per violation as provided by Federal Law.

104. Damages for the loss and/or denial of access to vehicle financing.

105. Damages for denial of access to rental vehicles as a result of inaccurate reporting.

106. Damages for wasted time and energy and emotional distress.

107. Award Plaintiff the costs of bringing this action, as well as any other and additional relief as the Court may determine to be just and proper. (See *Guimond v. Trans Union Credit Information Company,* 45 F.3d 1329 (9th Cir. 1995) (Even without pecuniary or out-of-pocket loss, may recover actual damages for the mere injury to reputation or

creditworthiness caused by the delinquencies appearing on credit report.) and *Gertz v. Robert Welsh, Inc.*, 418 U.S. 323 (1974) *cf.Jorgeson v.TRW Inc.*, C.A. No. 96-286 (D.Or. 1998)(emotional distress); *Valentine v. Equifax Information Servs, LLC, et al.*, U.S.Dist Ct. (Or) Case No. 05-cv-0801-JO (emotional distress); *Acton v. Bank One Corp.*, 293 F.Supp.2d 1092, 1101 (D.Ariz. 2003) citing *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020 1040 (9th Cir. 2003); *Johnson v. Hale*, 13 F.3d 1351, 1352-53 (9th Cir. 1994) (objective evidence not a requirement for emotional distress). *Safeco Ins. Co. ofAm. V. Burr*, 551 U.S. 47, 57 (2007) (punitive damages for willful failure to comply with any requirement of the FCRA. 15 U.S.C. §1681n(1)).)

108. A successful FCRA plaintiff is entitled to a damage award that varies depending on the willfulness of the breach. *See Rambarran v. Bank of America, N.A., 609 F. Supp. 2d at 1258.*

109. Recovery for a negligent violation of FCRA is limited to the amount of actual damages and attorneys' fees and costs. *See* 15 USC §1681o. "If the breach is willful, however the plaintiff is entitled to recover either actual damages or statutory damages (from $100-$1000), whichever is greater, in addition to attorneys fees and costs." *Rambarran,* supra, at 1258. The Court may also impose punitive willful violation of FCRA. *See* 15 USC §1681n. "Construed literally, the text of the FCRA would seem to impose liability… regardless of the accuracy of the underlying information.. if the furnisher did not conduct a proper investigation after receiving notice of a dispute." *Davidson v. Capital One,* No. 14-20478-CI\T, 2014 WL 6682532, at *4 (S.D. Fla. Nov. 25, 2014).

Plaintiff also respectfully requests the Court grant any such further relief at law or equity which

he is justly entitled.

Respectfully submitted,

Date                                                     By: _/s/ Deangelo Johnson,____
                                                         Deangelo Johnson
                                                         123 Emberwood Ct.
                                                         Richmond. VA 23223
                                                         (804) 306-3605
                                                         dcjinfinity@icloud.com

## Certificate Of Service

I hereby certify that a true copy of the forgoing complaint was sent by certified mail to the following:

EXETER FINANCE LLC c/o CORPORATION SERVICE COMPANY 100 Shockoe Slip Fl 2, Richmond,VA 23219 - 4100, USA

TRANSUNION, LLC c/o CORPORATION SERVICE COMPANY 100 Shockoe Slip Fl 2 Richmond, VA 23219 - 4100, USA